UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOYCE A. EVERETT et al.                                                              PLAINTIFFS

v.                                                              CIVIL ACTION NO. 3:14-CV-46-S

STEVEN N. PRESLEY                                                                   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiffs Joyce A. Everett and Nathaniel McNealy, proceeding *pro se* and *in forma pauperis*, filed this civil-rights complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

In their complaint, Plaintiffs name as Defendants Jeffersontown Police Officers Steven N. Presley, Hatmacher, and John Doe. They allege Fourth and Fourteenth Amendment violations arising out of the execution of a search warrant on July 6, 2012. They allege that the officers acted outside of their jurisdiction. They further allege that Defendant Presley caused serious injury to Plaintiff Everett when he "slammed" her to the floor and put his foot on her back. They allege that after Plaintiff McNealy was handcuffed Defendant Hatmacher struck Plaintiff McNealy in the head several times with his fist, chipping one of Plaintiff McNealy's teeth and cutting his lips and tongue.

Shortly after filing their complaint, Plaintiffs filed a motion for leave to file an amended complaint (DN 5) and motion to submit exhibits which they forgot to attach to their complaint (DN 6). Both motions (DNs 5 & 6) are **GRANTED**.

In the amended complaint, Plaintiffs state that they have determined that Defendant John Doe should be removed and that Defendant Park-K9-Unit should be named in his place. They allege that Defendant Park-K9-Unit unlawfully searched their residence with a K9 dog. They also allege that Defendants' search and arrest of Plaintiffs was racially and personally motivated because Defendant Hatmacher had had previous encounters with Plaintiff McNealy.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a

2

claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Congress has explicitly provided a remedy for constitutional violations brought against state and local officials and local units of government in 42 U.S.C. § 1983. In *Thomas v. Shipka*, the Sixth Circuit held that § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government. *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989). Plaintiffs have no cause of action directly under the Constitution. Therefore, the Court construes Plaintiffs' Fourth and Fourteenth Amendment claims as being brought under § 1983. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992); *Henderson v. Corr. Corp. of Am.*, 918 F. Supp. 204, 208 (E.D. Tenn. 1996).

Section 1983 does not contain its own statute of limitations period, but it is well settled that constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1).

Though the applicable statute of limitations is determined by state law, the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the

3

plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citing *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (internal quotation marks and citations omitted). The Court finds that Plaintiffs had knowledge of the allegedly unlawful search and seizure on July 6, 2012. Thus, their cause of action accrued on that date. *Wallace*, 549 U.S. at 393-94; *Harper v. Jackson*, 293 F. App'x 389, 391 n.1 (6th Cir. 2008); *Kenney v. Paris Police Dep't*, No. 5:07-cv-358-JMH, 2011 WL 1582125, at *6 (E.D. Ky. Apr. 26, 2011).

Plaintiffs' claim regarding excessive-force during the arrest accrued on the same date. "A § 1983 claim for excessive force in effectuating an arrest accrues at the time of arrest." *Fox v. DeSoto*, 489 F.3d at 233; *Hodge v. City of Elyria*, 126 F. App'x 222, 222-23 (6th Cir. 2005) ("[W]e hold that the statute of limitations on Appellant's § 1983 claim began to run at the time of his arrest, when he alleges the excessive force was used against him.").

Plaintiffs did not file their complaint until January 21, 2014, well outside of the one-year period, which ran on July 6, 2013. Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)). Consequently, by separate Order, the complaint will be dismissed as frivolous. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Date: June 20, 2014

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
4411.009

4